IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS,            ) | |
| )| |
| Plaintiff,        ) | |
| ) | CIVIL ACTION NO. |
| v.                       ) | 3:08cv256-MHT |
| ) | (WO) |
| E. PAUL JONES,           ) | |
| ) | |
| Defendant.        ) | |

OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Gene Coggins.

It is well-established that a two-step procedure should be followed in processing a pro se complaint filed in forma pauperis.

> "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under [28 U.S.C. §] 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, once leave has been granted, [28 U.S.C. §] 1915(d) allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant

the inconvenience and expense of answering a frivolous complaint."

Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1981) (per curiam).* See also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985). The motion filed by Coggins satisfies the economic eligibility criterion of 28 U.S.C. § 1915(a). Accordingly, the case may be filed without prepayment of fees.

Coggins should not, however, be allowed to proceed with this litigation. He has named as a defendant District Attorney E. Paul Jones, who is immune from suit for actions taken in his prosecutorial capacity, including his decision whether to initiate a prosecution. See Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Coggins's complaint is therefore meritless and should be dismissed without prejudice as frivolous, prior to

---

* In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

service on defendant E. Paul Jones, pursuant to § 1915(e)(2)(B)(i)-(iii).  See Nietzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25 (1992).

An appropriate judgment will be entered.

DONE, this the 10th day of April, 2008.

                                      /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE